## POTOMAC EDISON COMPANY et al. *v.* PUBLIC SERVICE COMMISSION.

[No. 48, October Term, 1933.]

*Decided December 7th, 1933.*

The cause was argued, together with the next preceding case, before BOND, C. J., PATTISON, URNER, ADKINS, DIGGES, PARKE, and SLOAN, JJ.

*Francis J. Carey* and *Oliver B. Merrill, Jr.,* with whom were *Stoddard M. Stevens, Jr.,* and *Piper, Carey and Hall,* on the brief, for the appellants.

*William Cabell Bruce* and *John Henry Lewin,* for the appellees.

PARKE, J., delivered the opinion of the Court.

The question at bar is whether or not a public service corporation has a right of appeal to a court of common law jurisdiction from an order of the Public Service Commission that determined, in its statutory sense, the final valuation of the property of the public utility. The Public Service Commission of Maryland made a valuation of the property of the Potomac Edison Company and its three subsidiary public utility corporations, and passed a provisional ·order on November 29th, 1932, determining the fair value of the corporate property for rate-making purposes as of June 30th, 1931.

The corporations embraced in the order duly filed a protest against the passage of a final order confirming the valuation. The ground of the protest was that the valuation was unreasonable and unlawful. After a hearing, the commission rejected the protest and determined that the valuation made was the fair value of the corporate property, and, accordingly, on March 1st, 1933, the commission passed an order confirming the order of November 29th, 1933. Upon the. theory that this valuation was unreasonable and unlawful, the Potomac Edison Company and its three subsidiary corporations instituted a suit in the Circuit Court of Baltimore City to have the commission's valuation vacated and set aside. The bill of complaint was amended, and a demurrer on the part of the commission raised the question of the right of the plaintiffs to have the order of the commission reviewed and,

therefore, of the jurisdiction of the court to entertain an appeal.

The solution of the problem presented by the demurrer is to be found within a sound construction of the provisions of the statute with reference to the right of review and of appeal. The first section of the Public Service Commission Statute which treats of the matter is section 11 of the original act of 1910, ch. 180, as modified by chapter 354 of the Acts of 1927. Omitting the preliminary paragraphs, which relate to a rehearing and the service of orders of the commission, the two concluding paragraphs of the section are pertinent, and will be quoted:

"All orders of the Commission shall take effect within such reasonable time as it shall prescribe, and shall continue in force until its further order, or for a specified period of time according as shall be prescribed in the order, unless the same shall be suspended, or modified, or set aside by the Commission, or be suspended or set aside by a court of competent jurisdiction.

"Any company, corporation, association, person or partnership subject to any of the provisions of this sub-title, or other person or party in interest, shall have the right to proceed in the courts to vacate, set aside or have modified any order of said Commission on the grounds that such order is unreasonable or unlawful, as hereinafter more particularly set forth." Code (Supp. 1929), art. 23, sec. 359.

It is clear from the context of the section that the order within the meaning of the language used is not an interlocutory or procedural order passed in the course of a matter before the commission and not determining any right or controversy involving a justiciable question under the enactment, but one decisive of some subject-matter of which the commission has jurisdiction which it has the power to enforce against any party interested. Such a construction is consistent with the spirit of the law and contributes to its efficient and orderly administration. The soundness of the construction given is attested by such provisions, for instance,

as these found in the first two unquoted paragraphs of, section 359 : (a), "After an order has been made by the Commission, any party interested therein may apply for a rehearing in respect to any matter determined therein, \* \* \* if a rehearing shall be granted, the same shall be determined by the Commission within thirty days after the same shall be finally submitted. Any application for such a rehearing shall not excuse any common carrier, railroad corporation, or street railroad corporation, or any other corporation, or company or person, subject to any of the provisions of this subtitle, from complying with or obeying any order, or any requirements of any order of the Commission, or operate in any manner to stay or postpone the enforcement thereof, except as the Commission may by order direct" (first paragraph); and (b) every order shall be served on the person or corporation affected thereby, and within a time specified in, the order, and such person or corporation must, if so required in the order, notify the commission whether the terms of the order are accepted and will be obeyed (second paragraph). From the third paragraph, which has been quoted in this opinion, it is seen that all orders shall take effect at the time prescribed, and shall continue in force until further order from the commission, or for the time specified, unless the order be suspended, or modified, or set aside by the commission, or be suspended or set aside by a court of competent jurisdiction. These illustrations are convincing that a procedural or interlocutory order incident to the course of the proceedings is not the subject-matter of the section under consideration.

By the explicit terms of section 359 (11), any company, corporation, association, person, or partnership subject to any of the provisions of the statute or other person or party in interest shall have the right to proceed in the courts to vacate, set aside, or have modified any order, within the contemplation of the statute, on the grounds that such order is unreasonable or unlawful  So, it cannot be denied that the legislative intent has been plainly expressed and that it com-

prehended and designedly embraced any order of any kind which is within the meaning of the section.

The commission, however, contends that the general and comprehensive term "any order" is limited in its application by the clause "as hereinafter more particularly set forth," with which the last paragraph of section 359 is concluded. In other words, the clause is to apply to the right instead of the remedy. So, instead of having reference to the procedure whereby the party aggrieved could, as in the statute thereafter more particularly set forth, enforce his right to apply to the courts to vacate, set aside, or have modified any order of the commission on the ground that such order is unreasonable or unlawful, this final clause, the commission asserts, so governs the meaning of the text that the right to proceed in the courts is not in respect to any unreasonable or unlawful order, but only to those orders as thereinafter in the act are more particularly set forth.

If this argument of the commission should prevail, a right of review and appeal would not be given in every case where the order was unreasonable or unlawful, but would be confined to a more circumscribed class of unreasonable or unlawful orders. It is difficult to ascribe an intention to the Legislature to exclude any unreasonable or unlawful order from the operation of the act, in the absence of an unmistakable expression of legislative will.

The commission relies upon section 404 of article 23 of the Code as the section to which the quoted concluding clause of section 359 of article 23 refers. These two sections were, respectively, sections 43 and 11 of the original act, and are now practically in the same form as when the Act of 1910, ch. 180, was passed. The two sections are to be construed together and both given effect, if the principles of construction permit.

In the original law of 1910, the fifty-six sections of the act were grouped with reference to their nature under bold headings or captions, and section 43 (now section 404 of article 23 and unchanged) was the first section under its caption, and, although long, must be quoted:

## Procedure in the Courts.

"404. Any corporation subject to this sub-title, or any of the provisions of this sub-title, and any person in interest being dissatisfied with any order of the commission, fixing any rate or rates, tolls, charges, schedules, joint rate or rates, or any order fixing any regulations, practices, acts or service, may commence any action in the circuit court for any county, or before any judge of the supreme bench of Baltimore City, in any court of Baltimore City of appropriate jurisdiction which may be adopted for the purpose, against the commission as defendant to vacate and set aside any such order on the ground that the rate or rates, tolls, charges, schedules, joint rate or rates, fixed in such order is unlawful, or that any such regulation, practice, act or service fixed in such order is unreasonable, in which action a copy of the complaint shall be served with the summons.

"The answer of the commission to the complaint shall be served and filed within twenty days after service of the complaint, whereupon said action shall be at issue and stand ready for trial upon fifteen days' notice to either party.

"All such actions shall have precedence over any civil cause of a different nature pending in such court, and the said courts shall always be deemed open for the trial thereof, and the same shall be tried and determined as other civil actions.

"Every proceeding, action or suit to set aside, vacate or amend any determination or order of the commission, or to enjoin the enforcement thereof or to prevent in any way such order or determination from becoming effective, shall be commenced, and every appeal to the courts or right or recourse to the courts shall be taken or exercised within sixty days after the entry or rendition of such order or determination, and the right to commence any such action, proceeding or suit, or to take or exercise any such appeal or right of recourse to the courts, shall determine absolutely at the end of such sixty days after such entry or rendition thereof.

"No injunction shall issue suspending or staying any order of the commission, except upon application to one of the

judges of the supreme bench of Baltimore City, or to the circuit court of one of the counties, and upon notice to the commission and after hearing."

It will be observed that the five paragraphs of this section relate to procedure. The third and fifth paragraphs require no consideration. The first and second paragraphs provide the procedure for a complainant within the statute, who is dissatisfied with any order fixing any rate or rates, tolls, charges, schedules, joint rate or rates or any order fixing any regulations, practices, acts, or service whereby he may commence against the commission any action in the circuit court of any county or before any judge of the Supreme Bench of Baltimore City, in any court of appropriate jurisdiction which may be adopted for the purpose. The ground of his complaint is limited to the unlawfulness of the rate or rates, tolls, charges, schedules, joint rate or rates, and to the unreasonableness of the regulation, practice, act or service. It will be observed that the remedy is to vacate and set aside, and not to vacate, set aside, or have modified, as in section 359 (11); that the complaint with respect to the tariffs of the utility is limited to unlawfulness and that with respect to regulation is confined to unreasonableness, while in section 359 (11) the ground of complaint is both unreasonableness and unlawfulness or either, and the recourse granted to the courts is under no limitation with respect to the subject-matter of the order. Since a tariff may be unreasonable but lawful and a regulation may be unlawful but reasonable, and there may be other orders made by the commission which do not relate to tariffs nor to regulation of the utility, the first paragraph of section 404 (43) does not include many orders within the jurisdiction of the commission. There is nothing in the language of section 404 (43) that would justify the inference that it was intended to restrict the general right of review in the courts given by the third and fourth paragraphs of section 359 (11) to the limited subject-matter of the orders specified in the first paragraph of section 404 (43); so it must be concluded that the paragraph last mentioned does no more than create another and

additional remedy in favor of the classes of orders designated. In this view of the two sections 359 (11) and 404 (43), there is no such conflict between their provisions as to prevent their being harmoniously enforced. In other words, the right of the party is secured by section 359 (11); but, under proper circumstances, the special remedy in certain cases may be employed pursuant to the first paragraph of section 404 (43). The orders passed in the administration of the Public Service Commission Act cover more subject-matters than the ones enumerated in the first paragraph of section 404 (43). If the effect of the later section (404) is to narrow the rights granted by the first (359), so as to exclude the review of all orders which are not within the classes named in the later section, then such important subject-matters of orders as capitalization, issue of stock, bonds, or other forms of indebtedness, consolidation, merger, lease or sale would not be the subject of review, however unreasonable or unlawful the order might be.

No doubt is entertained that it was not the legislative intention to restrict the rights granted in section 359 by the terms of the first paragraph of section 404. This conclusion is fortified by the fourth paragraph of section 404 (43), which is wholly procedural and general in its effect. Its provisions apply in terms to every proceeding, action, or suit, whether the relief asked is to amend, which may mean modification, or to set aside, or to vacate, any order of the commission upon the grounds that such order is unreasonable or unlawful. So the right to proceed in the courts, which was conferred and contemplated by the third and fourth paragraphs of section 359 (11), was contemplated and comprehended by the fourth paragraph of section 404 (43), which supplements the fourth paragraph of section 359 (11), as was anticipated in the latter's final clause (*i. e.,* "as hereinafter more particularly set forth"), by providing a statute of limitations, which declares the time within which every proceeding, action, or suit to set aside, vacate, or amend any order of the commission must be begun, "and every appeal to the courts or right or recourse to the courts shall be taken or exercised within sixty

days after the entry" of the order or otherwise shall be absolutely ended and lost.

The construction adopted gives full effect to every part of the statute which relates to the matter of review in the courts, without producing any conflict in the several provisions, and assures a procedure which will afford an appeal to the courts from any order passed by the commission that is not of an interlocutory or procedural character.

The commission makes the further contention that a final order fixing the valuation of property is not an order subject to review because the statute makes it *prima facie* evidence of value. In order to understand the significance of the language of the statute in respect to a valuation made by the commission, it is necessary to examine the nature and effect of this determination. The law directs that the commission shall, whenever it may deem it desirable to do so, investigate and ascertain the fair value of property of any corporation subject to the provisions of the statute and used by it for the convenience of the public. The investigation is required to be prosecuted with diligence and thoroughness, and show the value of the property as a whole, and in each of the several counties and municipalities within the State of Maryland, and the results must be reported to the General Assembly of Maryland at every regular session. The commission is to be assisted by such engineers, experts and other assistants as may be necessary, and the corporation is to furnish whatever records, documents and data are in its possession or procurable, and all the information required. Upon the completion of the valuation of property of a public utility corporation, and before such valuation shall become final, the commission shall give a prescribed notice to the owner or operator of the utility of the valuation, and allow a reasonable time in which to file a protest. Although not necessarily a party in the first instance, the notification brings the owner or operator of the utility into the proceedings, with the right, if desired, to dispute the valuation and disprove its accuracy and propriety. If no protest is filed by the time limited, the statute declares that the valuation shall become final. If

notice of contest is filed, a time for hearing is fixed by the commission, which shall proceed as promptly as may be possible to hear and consider any matter relative and material to the valuation which may be presented; and, after hearing the contest, to make such changes as are right to secure a fair valuation; and, finally, to issue an order to make such valuation final. The finality, however, of the order fixing the valuation is, necessarily, only referable to the date the valuation is made effective, because the valuation so made, while determinative of the basic valuation of the property, is subjected to later modification by reason of subsequent deterioration, depreciation, destruction, abandonment of use, obsolescence, replacement, substitution, acquisition, and many other forms and causes of change in the condition of the property, and, therefore, the commission is obliged to keep informed of these changes, and, from time to time, as may be required for the regulation of the corporation, revise and correct its valuation by passing a new order of valuation. These variations in value are inherent, and so inevitable, and it would be unfair either to the owner of operator, on the one hand, or to the consumer, on the other, to have the valuation be final in effect on any other day than the one to which the order declares it to be effective. So the statute, accordingly, declares such final valuations of the commission shall be *prima facie* evidence of the value of said property in proceedings had pursuant to the provisions of the law.

And so understood, the order issued by the commission and declared to be final is the result of an expert, thorough, complete, expensive, and often protracted, investigation, and the ground thus previously covered by the investigation should not be re-examined, except to discover a change in condition and in property. The final order of valuation is, therefore, conclusive to the extent permitted by its nature when its finality is limited to the data with reference to which it was made.

No necessity arises to argue the importance and weight of this statutory final valuation, as the adequate and beneficial functioning of the commission depends upon its sub-

472

sistence. In the issuance of stocks and bonds it is a basic factor, and the commission has discretion "to cause the aggregate capitalization to conform to the fair value of the property of such corporation as established" by this valuation (sections 381, 392; see sections 388, 399, 401, and 402).

The final order of valuation is, therefore, not interlocutory but basic in its nature, and determinative of a subject-matter over which the commission has jurisdiction and the duty and power to enforce against any party interested. So, this order falls within the class of orders with respect to which the right to proceed in the courts to vacate, set aside, or have modified is granted by the statute. While the precise question has not been expressly determined by this tribunal, the conclusion reached is in harmony with the decisions in *Pub. Serv. Commn. v. Byron*, 153 Md. 464, 470, 138 A. 404; *Electric Public Utilities Co. v. Pub. Serv. Commn.*, 154 Md. 445, 455, 140 A. 840; *Miles v. Pub. Serv. Commn.*, 151 Md. 337, 135 A. 579; *Benson v. Pub. Serv. Commn.*, 141 Md. 398, 118 A. 852.

For the reasons here assigned, the decree dismissing the amended bill of complaint must be reversed.

> *Decree reversed, and cause remanded; the costs to be paid by the appellants.*